UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x



UNITED STATES OF AMERICA

     - v. -

CESAR GARCIA,
    a/k/a "Panda,"
JOSE HENRIQUEZ,
    a/k/a "Jelpy,"
CESAR GARCIA,
    a/k/a "Asabache,"
DEMETRIO HERNANDEZ,
    a/k/a "Chello,"
NATHANAEL R. ORTIZ,
    a/k/a "Bebe,"
LUIS ROBLES-ROMAN,
    a/k/a "Roman,"
VICTOR TAVARES,
    a/k/a "Daddy Yankee,"
ALBERTO HENRIQUEZ,
    a/k/a "Pena," and
MIGUEL BURGOS,

      Defendants.

- - - - - - - - - - - - - - - - - x

**SEALED INDICTMENT**

S(3) 1 0 CRIM. 73

S3 10 Cr.

## COUNT ONE

The Grand Jury charges:

1. From at least in or about July 2003, up to and including in or about October 2008, in the Southern District of New York and elsewhere, CESAR GARCIA, a/k/a "Panda," JOSE HENRIQUEZ, a/k/a "Jelpy," ("J. HENRIQUEZ"), CESAR GARCIA, a/k/a "Asabache," DEMETRIO HERNANDEZ, a/k/a "Chello," NATHANAEL R. ORTIZ, a/k/a "Bebe," LUIS ROBLES-ROMAN, a/k/a "Roman," MIGUEL BURGOS, VICTOR TAVARES, a/k/a "Daddy Yankee," ALBERTO HENRIQUEZ, a/k/a "Pena," ("A. HENRIQUEZ"), the defendants, and others known

and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, the defendants and others known and unknown, agreed together to commit armed robberies of suspected narcotics traffickers.

<u>Overt Acts</u>

2.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    On or about July 30, 2003, NATHANAEL R. ORTIZ, a/k/a "Bebe," the defendant, and others known and unknown, in the vicinity of 651 West 190th Street, Apartment 44, New York, New York, robbed a suspected narcotics trafficker, and in the course thereof forcibly bound at least two persons.

b.    On or about April 7, 2004, ORTIZ and J. HENRIQUEZ, the defendants, and others known and unknown, in the vicinity of 69 Bennett Avenue, Apartment 204, New York, New York, attempted to rob a suspected narcotics trafficker, and in the course thereof forcibly bound at least one person.

2

c.    On or about June 21, 2004, ORTIZ, and others known and unknown, in the vicinity of 2754 Grand Concourse, Apartment 2E, Bronx, New York, attempted to rob a suspected narcotics trafficker, and in the course thereof forcibly bound at least two persons.

d.    On or about June 21, 2004, ORTIZ, and others known and unknown, in the vicinity of 525 West 138th Street, Apartment 19, New York, New York, attempted to rob a suspected narcotics trafficker, and in the course thereof discharged a firearm.

e.    On or about July 20, 2004, ORTIZ, and others known and unknown, in the vicinity of 80 Bennett Avenue, Apartment 3B, New York, New York, attempted to rob a suspected narcotics trafficker, and in the course thereof forcibly bound at least one person.

f.    On or about December 4, 2004, J. HENRIQUEZ, and others known and unknown, in the vicinity of 239 West 230th Street, Apartment 5C, Bronx, New York, attempted to rob a suspected narcotics trafficker, and in the course thereof forcibly assaulted at least one person.

g.    On or about March 18, 2005, ORTIZ, CESAR GARCIA, a/k/a "Asabache," and A. HENRIQUEZ, the defendants, and others known and unknown, in the vicinity of 481 West 159th Street, New York, New York, robbed a suspected narcotics

3

trafficker, and in the course thereof forcibly bound at least one person.

h.    On or about June 10, 2005, A. HENRIQUEZ, and others known and unknown, in the vicinity of 1704 Morris Avenue, Bronx, New York, attempted to rob a suspected narcotics trafficker, and in the course thereof confronted at least one persons at gunpoint.

i.    On or about July 4, 2005, CESAR GARCIA, a/k/a "Panda," the defendant, and others known and unknown, in the vicinity of 2422 Wilson Avenue, Bronx, New York, robbed a suspected narcotics trafficker, and in the course thereof forcibly bound at least one person.

j.    On or about March 2, 2007, CESAR GARCIA, a/k/a "Panda," J. HENRIQUEZ, and CESAR GARCIA, a/k/a "Asabache," the defendants, and others known and unknown, in the vicinity of 11 Dongan Place, New York, New York, attempted to rob a suspected narcotics trafficker.

k.    On or about September 28, 2007, CESAR GARCIA, a/k/a "Asabache," DEMETRIO HERNANDEZ, a/k/a "Chello," and VICTOR TAVARES, a/k/a "Daddy Yankee," the defendants, and others known and unknown, in the vicinity of 4364 Martha Avenue, Bronx, New York, attempted to rob a suspected narcotics trafficker, and in the course thereof forcibly bound at least two persons.

l.    On or about October 19, 2007, CESAR GARCIA, a/k/a "Asabache," HERNANDEZ, and TAVARES, and others known and unknown, in the vicinity of 14-34 110th Street, Queens, New York, attempted to commit a burglary.

m.    On or about March 23, 2008, ORTIZ and LUIS ROBLES-ROMAN, a/k/a "Roman," the defendants, and others known and unknown, in the vicinity of 247 Wadsworth Avenue, Apartment 5J, New York, New York, robbed a suspected narcotics trafficker, and in the course thereof forcibly bound at least two persons.

n.    On or about April 6, 2008, ROBLES-ROMAN, and others known and unknown, in the vicinity of Claflin Avenue and Reservoir Avenue, Bronx, New York, robbed a suspected narcotics trafficker, and in the course thereof confronted at least one person at gunpoint.

o.    On or about June 25, 2008, HERNANDEZ, and others known and unknown, in the vicinity of Amsterdam Avenue and West 179th Street, New York, New York, robbed a suspected narcotics trafficker, and in the course thereof confronted at least one person at gunpoint.

p.    On or about August 26, 2008, J. HENRIQUEZ, and others known and unknown, in the vicinity of 515 West 183rd Street, Apartment 3C, New York, New York, robbed a suspected narcotics trafficker, and in the course thereof forcibly bound at least one person.

q.   On or about September 26, 2008, HERNANDEZ, and others known and unknown, in the vicinity of 3353 Fort Independence Street, Apartment 33D, Bronx, New York, attempted to rob a suspected narcotics trafficker.

r.   On or about October 25, 2008, HERNANDEZ, and others known and unknown, in the vicinity of 219 Echo Place, Apartment 1E, Bronx, New York, attempted to rob a suspected narcotics trafficker.

s.   In or about March 2008, MIGUEL BURGOS, the defendant, purchased a Hydra Ram hydraulic pump which he subsequently gave to co-conspirators, not named herein, in the vicinity of West 230th Street and Kingsbridge Avenue, Bronx, New York, to use in an attempted robbery of a suspected narcotics trafficker.

t.   In or about 2008, BURGOS gave co-conspirators, not named herein, a police scanner utilized during the course of robberies.

(Title 18, United States Code, Section 1951.)

### COUNT TWO

The Grand Jury further charges:

3.   On or about June 21, 2004, in the Southern District of New York, NATHANAEL ORTIZ, a/k/a "Bebe," the defendant, unlawfully, willfully, and knowingly did attempt to commit robbery, as that term is defined in Title 18, United

6

States Code, Section 1951(b)(1), and would thereby have obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, ORTIZ and other co-conspirators not named herein attempted to rob a suspected narcotics trafficker in the vicinity of 525 West 138th Street, Apartment 19, New York, New York, and in the course thereof discharged a firearm.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE

The Grand Jury further charges:

4.    On or about June 10, 2005, in the Southern District of New York, ALBERTO HENRIQUEZ, a/k/a "Pena," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would thereby have obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, HENRIQUEZ and other co-conspirators not named herein attempted to rob a suspected narcotics trafficker in the vicinity of 1704 Morris Avenue, Bronx, New York, and in the course thereof confronted at least one person at gunpoint.

(Title 18, United States Code, Sections 1951 and 2.)

7

## COUNT FOUR

The Grand Jury further charges:

5.    On or about March 2, 2007, in the Southern District of New York, CESAR GARCIA, a/k/a "Panda," JOSE HENRIQUEZ, a/k/a "Jelpy," and CESAR GARCIA, a/k/a "Asabache," the defendants, unlawfully, willfully, and knowingly did attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would thereby have obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, CESAR GARCIA, a/k/a "Panda," HENRIQUEZ, CESAR GARCIA, a/k/a "Asabache," and other co-conspirators not named herein attempted to rob a suspected narcotics trafficker in the vicinity of 11 Dongan Place, New York, New York, and in the course thereof forcibly bound at least one person.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT FIVE

The Grand Jury further charges:

6.    On or about April 6, 2008, in the Southern District of New York, LUIS ROBLES-ROMAN a/k/a "Roman," and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby would and did

8

obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, ROBLES-ROMAN and other co-conspirators not named herein robbed a suspected narcotics trafficker in the vicinity of Claflin Avenue and Reservoir Avenue, Bronx, New York, and in the course thereof confronted at least one person at gunpoint.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT SIX

The Grand Jury further charges:

7.    On or about June 25, 2008, in the Southern District of New York, DEMETRIO HERNANDEZ, a/k/a "Chello," and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, HERNANDEZ and other co-conspirators not named herein robbed a suspected narcotics trafficker in the vicinity of Amsterdam Avenue and West 179th Street, New York, New York, and in the course thereof confronted at least one person at gunpoint.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT SEVEN

The Grand Jury further charges:

8.    On or about June 21, 2004, in the Southern District of New York, NATHANAEL R. ORTIZ, a/k/a "Bebe," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the attempted robbery charged in Count Two of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of such firearm, which was discharged during the attempted robbery charged in Count Two of this Indictment.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.)

## COUNT EIGHT

The Grand Jury further charges:

9.    On or about June 10, 2005, in the Southern District of New York, ALBERTO HENRIQUEZ, a/k/a "Pena," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the attempted robbery charged in Count Three of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession

10

of such firearm, which was brandished during the attempted robbery charged in Count Three of this Indictment.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

## COUNT NINE

The Grand Jury further charges:

10.  On or about March 2, 2007, in the Southern District of New York, CESAR GARCIA, a/k/a "Panda," JOSE HENRIQUEZ, a/k/a "Jelpy," and CESAR GARCIA, a/k/a "Asabache," the defendants, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted robbery charged in Count Four of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did posses a firearm, and did aid and abet the use, carrying and possession of such firearm, which was brandished during the attempted robbery charged in Count Four of this Indictment.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

## COUNT TEN

The Grand Jury further charges:

11.  On or about April 6, 2008, in the Southern District of New York, LUIS ROBLES-ROMAN, a/k/a "Roman," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in

11

Count Five of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, possession and brandishing of such firearm, which was brandished during the robbery charged in Count Five of this Indictment.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

## COUNT ELEVEN

The Grand Jury further charges:

12.    On or about June 25, 2008, in the Southern District of New York, DEMETRIO HERNANDEZ, a/k/a "Chello," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Six of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying and possession of such firearm, which was brandished during the robbery charged in Count Six of this Indictment.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

## COUNT TWELVE

The Grand Jury further charges:

13.    From at least in or about July 2003, up to and including in or about October 2008, in the Southern District of New York and elsewhere, CESAR GARCIA, a/k/a "Panda," JOSE

12

HENRIQUEZ, a/k/a "Jelpy," CESAR GARCIA, a/k/a "Asabache," DEMETRIO HERNANDEZ, a/k/a "Chello," NATHANAEL R. ORTIZ, a/k/a "Bebe," LUIS ROBLES-ROMAN, a/k/a "Roman," VICTOR TAVARES, a/k/a "Daddy Yankee," and ALBERTO HENRIQUEZ, a/k/a "Pena," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

14. It was a part and an object of the conspiracy that CESAR GARCIA, a/k/a "Panda," JOSE HENRIQUEZ, a/k/a "Jelpy," CESAR GARCIA, a/k/a "Asabache," DEMETRIO HERNANDEZ, a/k/a "Chello," NATHANAEL R. ORTIZ, a/k/a "Bebe," LUIS ROBLES-ROMAN, a/k/a "Roman," VICTOR TAVARES, a/k/a "Daddy Yankee," and ALBERTO HENRIQUEZ, a/k/a "Pena," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846.

15. The controlled substance involved in the offense was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATIONS
(Count One)

16.   As the result of committing the robbery conspiracy offense in violation of Title 18, United States Code, Section 1951, alleged in Count One of this Indictment, CESAR GARCIA, a/k/a "Panda," JOSE HENRIQUEZ, a/k/a "Jelpy," CESAR GARCIA, a/k/a "Asabache," DEMETRIO HERNANDEZ, a/k/a "Chello," NATHANAEL R. ORTIZ, a/k/a "Bebe," LUIS ROBLES-ROMAN, a/k/a "Roman," VICTOR TAVARES, a/k/a "Daddy Yankee," ALBERTO HENRIQUEZ, a/k/a "Pena," and MIGUEL BURGOS, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to the following:

a.   At least $60,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offense, for which the defendants are jointly and severally liable.

b.   A 2004 Nissan 2-door 350.

c.   All precious gemstones, precious metals, and jewelry recovered in or about July 2003 to August 2008.

### Substitute Asset Provision

a.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

14

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 1951;
Title 21, United States Code, Section 853; Title 28, United
States Code, Section 2461.)

**FORFEITURE ALLEGATIONS**
(Counts Five and Six)

17.  As the result of committing the robbery offense in violation of Title 18, United States Code, Section 1951, alleged in Count Five of this Indictment, LUIS ROBLES-ROMAN, a/k/a "Roman," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including at least $20,000 in United States currency, in that such sum in

15

aggregate is property representing the amount of proceeds obtained as a result of the offense.

18. As the result of committing the robbery offense in violation of Title 18, United States Code, Section 1951, alleged in Count Six of this Indictment, DEMETRIO HERNANDEZ, a/k/a "Chello," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including at least $1,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offense, and a 2004 Nissan 2-door 350.

<u>Substitute Asset Provision</u>

a. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C.

§ 853(p), to seek forfeiture of any other property of said

defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 1951;
Title 21, United States Code, Section 853; Title 28, United
States Code, Section 2461.)

## FORFEITURE ALLEGATIONS
(Count Eight)

19.    As the result of committing the offenses in

violation of Title 18, United States Code, Section 924(c),

alleged in Count Eight of this Indictment, ALBERTO HENRIQUEZ,

a/k/a "Pena," the defendant, shall forfeit to the United States,

pursuant to Title 18, United States Code, Section 924(d) and

Title 28, United States Code, Section 2461(c), any firearms and

ammunition involved in the commission of the offense, including,

but not limited to a revolver and a 9mm handgun.

### Substitute Asset Provision

a.    If any of the above-described forfeitable

property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due

diligence;

(2) has been transferred or sold to, or deposited with,

a third person;

17

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 924;
Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461.)


_____
FOREPERSON

*Preet Bharara*
_____
PREET BHARARA
United States Attorney


18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

CESAR GARCIA, a/k/a "Panda,"
JOSE HENRIQUEZ, a/k/a "Jelpy,"
CESAR GARCIA, a/k/a "Asabache,"
DEMETRIO HERNANDEZ, a/k/a "Chello,"
NATHANAEL R. ORTIZ a/k/a "Bebe,"
LUIS ROBLES-ROMAN, a/k/a "Roman,"
VICTOR TAVARES, a/k/a "Daddy Yankee,"
ALBERTO HENRIQUEZ, a/k/a "Pena," and
MIGUEL BURGOS,

Defendants.

## INDICTMENT

S3 10 Cr. 78

(18 U.S.C. § 1951, 2, 924(c),
21 U.S.C. § 846.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.